**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

JOHN STEVEN ADKINS, ET AL.            CIVIL ACTION NO. 08-0749

VERSUS                               JUDGE S. MAURICE HICKS, JR.

DORCHEAT LAND & TIMBER               MAGISTRATE JUDGE HORNSBY
COMPANY, LLC

**MEMORANDUM RULING**

Before the Court is an unopposed Motion for Abstention and Dismissal, or Stay, of

All Claims (Record Document 6) filed by the defendant, Dorcheat Land & Timber

Company, LLC ("Dorcheat"). Dorcheat moves the Court to abstain from hearing the purely

state law claims urged by the plaintiffs, John Stephen Adkins, Douglas Rowe Adkins, and

Sue Ann Adkins Pieri ("the Adkins"), and to dismiss, or stay, such claims. See id. For the

reasons which follow, the motion is **GRANTED** and the above-captioned matter is **STAYED**

pending further orders of this Court.

**I.    BACKGROUND.**

The Adkins were the owners of an undivided one-half interest in the surface of

several tracts of land in Webster Parish. Record Document 1, ¶ 7. The other one-half

interest in the surface was owned by Kelsaw Land Company ("Kelsaw"). See id., ¶ 8. The

Adkins were also the owners, collectively, of one-sixth of the mineral interest in and under

the property. See id., ¶ 9.

The Adkins and Kelsaw were unable to reach a voluntary partition agreement . See

id., ¶ 10. On June 4, 2007, the Adkins filed a Petition for Partition by Licitation in the

Twenty-Sixth Judicial District Court for the Parish of Webster, Louisiana. See id.

According to the Adkins, the Petition for Partition by Licitation did not pray for a partition

of any of the mineral interests appurtenant to or derived from the aforementioned immovable property.  See id., ¶ 11.

A Judgment of Partition was entered on September 25, 2007, ordering that the property "be partitioned by licitation and therefore further ordering that the [p]roperty . . . be sold by the Webster Parish Sheriff and the Webster Parish Clerk of Court is appointed to prepare and complete a proces verbal of the sale and a distribution of the proceeds of the sale according to law." Id. at ¶ 14.  The property was advertised for public sale and the sale occurred on December 12, 2007.  See id., ¶ 15.

During the sale, Paul Kitchens ("Kitchens"), former counsel for the Adkins, announced to those present that the mineral interests appurtenant to or derived from the property were not to be conveyed as part of the sale.  See id., ¶ 17.  The sheriff's deputy conducting the sale responded to this statement by noting "that is not what the writ says." Id. at ¶ 18.

Dorcheat was the successful bidder at the sheriff's sale for the sum of $1,050,000. See id., ¶ 19.  A proces verbal of judicial partition was filed on December 20, 2007.  See id., ¶ 20.  A sheriff's sale deed reflecting the sale of Kelsaw's interest to Dorcheat was filed on December 14, 2007.  See id., ¶ 21.  The facts, as set forth in the complaint and the unopposed motion, do not indicate if, and/or when, a sheriff's sale deed reflecting the sale of the Adkins' interest to Dorcheat was filed.

On or about December 12, 2007, John Stephen Adkins and Douglas Rowe Adkins filed a Motion for Rule to Show Cause to Set Aside Sheriff's Sale.  See id., ¶ 23.  On February 28, 2008, a hearing was held and the state court denied the motion, holding that the sheriff's sale was valid.  See id., ¶ 24.  However, the state court judgment provided:

This Court will not rule on the issue of whether minerals were transferred as a result of the partition sale, the Court finding that this issue should be determined by way of a declaratory judgment action.

Id.

The Adkins contend that the mineral interests were unaffected by the underlying partition action. See id., ¶¶ 25-30. Conversely, Dorcheat contends that the minerals were part of the sheriff's sale and were transferred along with the ownership of the land. See id., ¶ 31.

In addition to the Motion for Rule to Show Cause to Set Aside Sheriff's Sale, the Adkins and Kitchens (their former attorney) have tried various methods to obtain relief in state district court to limit the extent of the judicial sale in such a way as to expressly retain the minerals. See Record Document 6-2 at 4. These efforts include an entirely new petition and lawsuit filed by Kitchens against Dorcheat and the Adkins seeking a declaration that the disputed mineral interests were not transferred as part of the partition sale. See id. at 4, fn 4. This petition for declaratory judgment, which was filed by Kitchens on June 3, 2008, in Webster Parish, Louisiana, is ongoing at present and is currently set to determine the very same legal issues raised in this case and includes all relevant parties. See id. at 4.

On May 28, 2008, the Adkins filed a Complaint for Declaratory Judgment before this Court, naming Dorcheat as the only defendant. See Record Document 1. In the complaint, the Adkins state:

Because a real and justiciable controversy exists between the parties, the Court should enter a declaratory judgment, recognizing the continuing mineral ownership of [the Adkins] in the [p]roperty which was subject to the [s]heriff's [s]ale, and recognizing [their] ownership of all mineral interests which they held prior to the [s]heriff's [s]ale.

Id. at ¶ 32.

On November 17, 2008, Dorcheat filed the instant Motion for Abstention and Dismissal, or Stay, of All Claims, arguing that the Court should abstain from hearing the purely state law claims urged by the Adkins, and dismiss, or stay, such claims pursuant to Rule 12. See Record Document 6. Dorcheat also noted that there is at least one pending lawsuit in state court addressing identical issues to this lawsuit, in which all of the relevant parties have been named. See id. To date, the motion is unopposed.

## II. LAW AND ANALYSIS.

Federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." Co. River Water Conservation Dist. v. U.S., 424 U.S. 800, 817, 96 S.Ct. 1236, 1246 (1976) (citations omitted). Generally, the pendency of a claim in state court does not bar an action on the same matter in federal court. See id. However, in the context of complaints for declaratory judgment, "the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." Wilton v. Seven Falls Co., 515 U.S. 277, 288, 115 S.Ct. 2137, 2143 (1995).

In St. Paul Ins. Co. v. Trejo, 39 F.3d 585 (5th Cir.1994), the Fifth Circuit identified seven factors for a district court to consider in deciding whether to decide or dismiss a declaratory action. The factors are:

(1) whether there is a pending state action in which all of the matters in controversy may be fully litigated;

(2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant;

(3) whether the plaintiff engaged in forum shopping in bringing the suit;

(4)     whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist;

(5)     whether the federal court is a convenient forum for the parties and witnesses;

(6)     whether retaining the lawsuit would serve the purposes of judicial economy; and

(7)     whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

Id. at 590-91; see also Sherwin-Williams Co. v. Holmes County, 343 F.3d 383, 388 (5th Cir. 2003); Vulcan Materials Co. v. City of Tehuacana, 238 F.3d 382, 390 (5th Cir.2001); Travelers Ins. Co. v. La. Farm Bureau Fed'n, Inc., 996 F.2d 774, 778 (5th Cir.1993). These factors are not exhaustive, exclusive, or mandatory. See Kilpatrick Life Ins. Co. v. Murchison, 955 F.Supp. 60, 62 (W.D.La.,1996), citing Granite State Ins. Co. v. Tandy Corp., 986 F.2d 94, 96 (5th Cir.1992).

The most compelling factor in this case is the pending state action in which all of the matters in controversy may be fully litigated. Moreover, the subject matter of the instant declaratory judgment action involves matters of state law relating to immovable property, partition, co-ownership, and mineral rights. Louisiana has developed codal and statutory schemes which govern the majority of these issues. There are simply no federal laws or issues involved in this declaratory judgment action. In essence, this Court is being called to construe a state judicial decree involving the same parties and entered by the same court before whom the parallel state suit between the same parties is pending. The Court further finds that moving forward with the declaratory judgment action in federal court at this time would not serve the purposes of judicial economy.

As noted above, the primary basis for declining to proceed with this matter is the pendency of a state court proceeding. Thus, the Court concludes that a stay is the preferable course, as "it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy." Wilton, 515 U.S. at 288, 115 S.Ct. at 2143. Accordingly, the instant declaratory judgment action is stayed.

## III. CONCLUSION.

Based on the foregoing, the unopposed Motion for Abstention and Dismissal, or Stay, of All Claims filed by Dorcheat is **GRANTED** and the above-captioned matter is **STAYED** pending further orders of this Court.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 22nd day of April, 2009.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE